1

2

3

4

5

6

7

8

9

10

11

**United States District Court**

For the Northern District of California

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

13

14

15

16

17

18

BLOODSAW THEOPRIC,                    )
                                      )    No. C 08-00649 JF (PR)
       Plaintiff,                 )
                                      )    ORDER OF DISMISSAL
  vs.                               )
                                      )
J. S. WOODFORD, et al.,               )
                                      )
       Defendant(s).              )
                                      )    (Docket No. 2)
_____       )

19

20

21

22

23

24

25

       Plaintiff, a California state prisoner and frequent litigant in this Court, has

filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983.  He seeks to

proceed in forma pauperis under 28 U.S.C. § 1915.  On June 30, 2008, the Court

ordered Plaintiff to show cause why the action should not be dismissed pursuant to

28 U.S.C. § 1915(g) or alternatively, pay the full filing fee within thirty days of the

order.  See Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005).  The deadline has

since passed, and Plaintiff has neither filed a response nor paid the full filing fee.

26

27

28

       The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and

became effective, on April 26, 1996.  It provides that a prisoner may not bring a civil

action in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more

Order of Dismissal
P:\PRO-SE\SJ.JF\CR.08\Bloodsaw649_dismissal.wpd

United States District Court

For the Northern District of California

1    prior occasions, while incarcerated or detained in any facility, brought an action or

2    appeal in a court of the United States that was dismissed on the grounds that it is

3    frivolous, malicious, or fails to state a claim upon which relief may be granted,

4    unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C.

5    § 1915(g).  Section 1915(g) requires that this court consider prisoner actions

6    dismissed before, as well as after, the statute's 1996 enactment.  Tierney v. Kupers,

7    128 F.3d 1310, 1311-12 (9th Cir. 1997).

8        For purposes of a dismissal that may be counted under § 1915(g), the phrase

9    "fails to state a claim on which relief may be granted" parallels the language of

10   Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the

11   word "frivolous" refers to a case that is "of little weight or importance: having no

12   basis in law or fact," and the word "malicious" refers to a case "failed with the

13   'intention or desire to harm another.'"  Andrews, 398 F.3d at 1121.  Only cases

14   within one of these three categories can be counted as strikes for § 1915(g) purposes.

15   See id.  Dismissal of an action under § 1915(g) should only occur when, "after

16   careful evaluation of the order dismissing an [earlier] action, and other relevant

17   information, the district court determines that the action was dismissed because it

18   was frivolous, malicious or failed to state a claim."  Id.

19       Here, plaintiff has had three or more prisoner actions/appeals dismissed by a

20   federal court on the grounds that they are frivolous, malicious, or fail to state a claim

21   upon which relief may be granted: (1) Bloodsaw v. Clarke, CV 04-03462 (C.D. Cal.

22   May 20, 2004) (dismissal pursuant to Heck v. Humphrey, 512 U.S. 477 (1994)); (2)

23   Bloodsaw v. Thomas, CV 04-02944 (C.D. Cal. May 6, 2004) (same); (3) Bloodsaw

24   v. Herm, CV 04-02320 (C.D. Cal. Apr. 19, 2004) (same); (4) Bloodsaw v.

25   Yarborough, CV 04-01110 (E) (C.D. Cal. Mar. 16, 2004) (same); (5) Bloodsaw v.

26   Matusinka, CV 04-01108 (C.D. Cal. March 16, 2004) (dismissal based upon

27   immunity of defendants and pursuant to Heck v. Humphrey, 512 U.S. 477 (1994));

28   and (6) Bloodsaw v Parker, CV 04-01100 (E) (C.D. Cal Mar. 16, 2004) (same).

Order of Dismissal
P:\PRO-SE\SJ.JF\CR.08\Bloodsaw649_dismissal.wpd        2

**United States District Court**

For the Northern District of California

1   Plaintiff therefore may proceed in forma pauperis only if he is seeking relief from a

2   danger of serious physical injury which is "imminent" at the time of filing.  See

3   Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); Medberry v.

4   Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715,

5   717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998).  Plaintiff is

6   not.

7           Because plaintiff has had three or more prior dismissals and is not under

8   imminent danger of serious physical injury, his request to proceed in forma pauperis

9   (Docket No. 2) is DENIED and the instant action is DISMISSED without prejudice

10  to bringing it in a paid complaint.

11          The clerk shall terminate all pending motions as moot.

12          IT IS SO ORDERED.

13

14  DATED:  _8/18/08_____              _____

15                                                  JEREMY FOGEL
                                                    United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

Order of Dismissal
P:\PRO-SE\SJ.JF\CR.08\Bloodsaw649_dismissal.wpd        3